**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GREGORY WRIGHT, | : | |
| | : | Civil Action No. 08-5205 (RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| SALEM MEMORIAL HOSPITAL, | : | |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

Plaintiff <u>pro se</u>
Gregory Wright
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

**BUMB**, District Judge

Plaintiff Gregory Wright, a prisoner currently confined at South Woods State Prison in Bridgeton, New Jersey, seeks to bring this action <u>in forma pauperis</u> pursuant to 42 U.S.C. § 1983. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff contends that his mother died as the result of a "mistake" made by physicians during an operation at Memorial Hospital of Salem County in Salem, New Jersey.

Plaintiff names as the sole defendant the Memorial Hospital of Salem County.  Plaintiff seeks damages in the amount of $50,000,000.00.

II.  ANALYSIS

Federal courts are bound to determine whether they have jurisdiction even if none of the parties to an action have challenged the asserted bases therefor.  Packard v. Provident National Bank, 994 F.2d 1039 (3d Cir.), cert. denied sub nom. Upp v. Mellon Bank, N.A., 510 U.S. 964 (1993); Temple Univ. v. White, 941 F.2d 201 (3d Cir. 1991), cert. denied sub nom. Snider v. Temple Univ., 502 U.S. 1032 (1992); TM Marketing, Inc. v. Art & Antiques Assocs., L.P., 803 F. Supp. 994 (D.N.J. 1992).  If jurisdiction is lacking, the court must dismiss the action, regardless of the stage of the litigation.  Trent Realty Assocs. v. First Federal Sav. & Loan Ass'n, 657 F.2d 29, 36 (3d Cir. 1981); TM Marketing, supra, 803 F. Supp. at 997; Carney v. Dexter Shoe Co., 701 F. Supp. 1093, 1100 (D.N.J. 1988).  A court can take no measures to rectify a want of jurisdiction, because the

lack of jurisdiction itself precludes asserting judicial power. See First American Nat'l Bank v. Straight Creek Processing Co., 756 F. Supp. 945 (E.D. Va. 1991) (where diversity of parties is incomplete, court has no jurisdiction to consider plaintiff's motion to dismiss non-diverse defendants; rather, court must dismiss action for lack of jurisdiction).

Plaintiff asserts jurisdiction under 28 U.S.C. § 1983, thus invoking federal question jurisdiction under 28 U.S.C. § 1331. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

As the sole defendant is not a "state actor," and as Plaintiff alleges a state tort action, not the violation of a constitutional or federal statutory right, there is no

jurisdiction under 28 U.S.C. § 1983 or otherwise under 28 U.S.C. § 1331 (federal question jurisdiction).

Plaintiff does not allege jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332, and the facts alleged do not establish a basis for diversity jurisdiction.  Section 1332 can provide jurisdiction over state-law claims if, in the provision pertinent here, such claims are between "citizens of different States."  A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c).

Here, Plaintiff alleges that he is domiciled in New Jersey.  Although Plaintiff does not explicitly allege the citizenship of the defendant, as he asserts federal question jurisdiction, it appears that the hospital's principal place of business is in Salem, New Jersey and that, therefore, diversity jurisdiction under § 1332 is lacking.

The Court is mindful that Plaintiff appears here as a pro se plaintiff and therefore his complaint is to be held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519 (1972).  Nonetheless, the Court can discern no basis for asserting jurisdiction over this action.  "The person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the

4

litigation." Packard v. Provident Nat'l Bank, supra, 994 F.2d at 1045. For a court properly to assume jurisdiction over an action under § 1332, complete diversity must be apparent from the pleadings. Neat-N-Tidy Co., Inc. v. Tradepower (Holdings) Ltd., 777 F. Supp. 1153 (S.D.N.Y. 1991) (complaint dismissed for lack of diversity jurisdiction where corporate plaintiff failed to allege its own and defendant corporation's principal places of business). Thus, in the present case, where the complaint asserts federal question jurisdiction, which is lacking, and fails to assert facts suggesting diversity jurisdiction, dismissal without prejudice for lack of jurisdiction is proper. See Joyce v. Joyce, 975 F.2d 379 (7th Cir. 1992) (affirming district court's sua sponte dismissal for lack of subject-matter jurisdiction where jurisdictional defect was incurable).

### III. CONCLUSION

For all of the foregoing reasons, the Complaint will be dismissed without prejudice for lack of subject matter jurisdiction. This Court expresses no opinion as to the merits of Plaintiff's claim. Plaintiff may move to re-open this matter if he can assert facts establishing subject matter jurisdiction.


                                          s/Renée Marie Bumb
                                          Renée Marie Bumb
                                          United States District Judge


DATED: October 30, 2008